OPINION
{¶ 1} Defendant-appellant William Dusty Evans appeals from his conviction and sentence in the Licking County Municipal Court on one count of attempt to violate a civil protection order in violation of R.C. 2923.02. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On December 11, 2002, appellant's wife filed an ex parte petition for a civil protection order pursuant to R.C.3113.31. The order was granted after a hearing on January 24, 2003. The order was to remain in effect until December 11, 2004. The parties stipulated before trial that appellant had been properly served with the civil protection order before the incident giving rise to this case. (T. at 4).
 {¶ 3} On May 8, 2003, appellant entered Buckeye Outdoors, Inc. He proceeded to the gun counter where he discussed purchasing a firearm with the store's employee. After deciding upon a specific rifle to purchase, appellant executed Form 4473, a federal firearms purchase form. Question 12(h) of the form asks: "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? (See Important Notice 7)." The appellant answered this question "no." Form 4473 requires a purchaser of a firearm to undergo a national background check via the F.B.I.'s National Crime Information Center. (NCIC). Accordingly, appellant neither paid for nor received the rifle. He went home to await a call from the gun dealer concerning his background check.
 {¶ 4} On May 9, 2003, the store was notified that appellant's application had been denied. The store in turn notified appellant.
 {¶ 5} NCIC notified the local law enforcement authorities via teletype of appellant's application to purchase a firearm while subject to a civil protection order. Appellant was arrested on May 19, 2003.
 {¶ 6} A bench trial was conducted on August 5, 2003, which resulted in appellant being found guilty of attempt to violate a civil protection order. The trial court sentenced appellant to thirty days in jail, a fine and court costs. The sentence was stayed pending appellant's appeal.
 {¶ 7} Appellant timely appealed and herein raises the following assignments of error:
 {¶ 8} "It was prejudicial error and against manifest weight of the evidence for the trial court to find that appellant-defendant guilty of a violation of R.C. 2927.02.
 {¶ 9} "It was prejudicial error and against the manifest weight of the evidence for the trial court to not grant appellant-defendant's motion to acquit under Crim. R. 29(a).
 {¶ 10} The trial court committed prejudicial error and it was an abuse of discretion when the trial court deprived appellant-defendant of due process of law in violation of the United States constitution and the Ohio constitution by finding appellant-defendant guilty of R.C. 2923.02, said finding was against the manifest weight of the evidence when the state failed to offer sufficient evidence to prove each element of the offenses charged beyond a reasonable doubt.
 {¶ 11} "It was prejudicial error and against the manifest weight of the evidence for the trial court to find that appellant-defendant formed the mens rea required under R.C.2901.21 and as such elements of purposely and knowingly as set forth in 2901.22 (A) and (B) were not met.
 {¶ 12} "It was prejudicial error and against the manifest weight of the evidence for the trial court to find that appellant-defendant acted recklessly as required under R.C.2919.27."
 {¶ 13} Although appellant purports to identify five "issues of error," those issues are not separately set forth and argued in his brief. Rather appellant address the issues collectively. Essentially all of appellant's issues concern a manifest weight argument which the court will address collectively.
 {¶ 14} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 15} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 16} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St.3d 387, citations deleted.
 {¶ 17} Appellant argues that the evidence fails to prove that he possessed any intent to violate the civil protection order, and, because the transaction was blocked by NCIC, he abandoned his purchase of the firearm.
 {¶ 18} R.C. 2923.02, attempt, states, in relevant part:
 {¶ 19} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 20} However, the statute further provides:
 {¶ 21} "(B) It is no defense to a charge under this section that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be."
 {¶ 22} Accordingly, the fact that, because NCIC denied his application, appellant could not have acquired the rifle is of no consequence.
 {¶ 23} Finally, R.C. 2923.02 provides:
 {¶ 24} "(D) It is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."
 {¶ 25} R.C. 2901.05 places the burden of going forward with the evidence of an affirmative defense and the burden of proof by a preponderance of the evidence upon the accused. The appellant presented no evidence at trial.
 {¶ 26} We have reviewed the record of this matter and conclude the trial court's verdict is not against the manifest weight or sufficiency of the evidence.
 {¶ 27} The following evidence, in the record, supports this conclusion. Appellant stipulated that he was properly served with a civil protection order which was in effect on May 8, 2003. Paragraph 11 of that order clearly advises appellant that he "shall not possess, use, carry, or obtain any deadly weapon . . ." Appellant marked "no" to question 12(h) on the Form 4473 which asked if he was subject to a restraining order. There is no evidence that appellant voluntarily contacted the store to rescind his request to purchase the rifle prior to his being notified that his application was denied.
 {¶ 28} The above evidence is legally sufficient to prove that appellant attempted to purchase a firearm while he was subject to a civil protection order.
 {¶ 29} We find the trial judge did not lose his way in resolving the evidence.
 {¶ 30} Appellant's assignments of error are overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Licking County Municipal Court is hereby affirmed.
Gwin, P.J., Edwards, J., and Boggins, concur.